BOOTH, Judge,
specially concurring.
This court is bound to follow the Florida Supreme Court’s decision in In Interest of B.W., 498 So.2d 946 (Fla.1986), there being no apparent basis for distinguishing that case from this one. In both cases, the fathers were convicted of, inter alia, sex offenses, and were serving extended prison terms. The children in both cases are also “imprisoned” and held without hope of adoption. In the instant case, the trial court considered the length of imprisonment and the fact that the father was an habitual sex offender as bearing on his availability as a parent. In reversing the trial court, as required by the B.W. case, we are applying an arbitrary rule contrary to the welfare of the child.
*1346 The Legislature recently enacted chapter 97-226, Laws of Florida, effective October 1, 1997. Under the amended statute, termination of parental rights may be sought under the following, inter alia, circumstances:
(d) When the parent of a child is incarcerated in a state or federal correctional institution and:
1. The period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time before the child will attain the age of 18 years;_'
The amended statute is not retroactive,[1] however, it is unquestionably remedial and an expression of public policy. As such, it supports the trial court’s consideration of long-time incarceration along with other factors in balancing the claim of parental rights against the best interest of the child. But for the earlier supreme court decision in B.W., this court could affirm the trial court’s ruling below.

. Chapter 97-226, Laws of Florida, amended effective October 1, 1997, applies to any person incarcerated or sentenced after that date. Appellant herein was sentenced prior to its effective date.